UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ANGELA BEALS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-1221 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | **OPINION** |
| Defendant. | ) | |
| | ) | |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On July 10, 2010, plaintiff filed her applications for DIB and SSI benefits. (Page ID 207-10). She alleged an April 15, 2010, onset of disability. (Page ID 44, 207). Plaintiff's claims were denied on initial review. (Page ID 106-29). On May 3, 2012, plaintiff received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (Page ID 60-102). On November 16, 2012, the ALJ issued his decision finding that plaintiff was not disabled. (Page ID 44-54). On January 30, 2014, the Appeals Council denied review (Page ID 27-29), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. She asks the court to overturn the Commissioner's decision on the following ground:

> The ALJ "erred as a matter of law in failing to properly evaluate the medical records and opinions of evidence, and thereby, formed an inaccurate hypothetical that did not accurately portray Ms. Beals's impairments[.]"

(Statement of Error, Plf. Brief at 7, docket # 9, Page ID 571). The Commissioner's decision will be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive

. . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act from her alleged onset of disability through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity on or after April 15, 2010. (Op. at 3, Page ID 46). He found that plaintiff had the following severe impairments: "lumbar spine degenerative disc disease; spondylolisthesis; migraine

headaches; obesity; depression; general anxiety disorder[;] narcotic dependence (Methadone) and a history of endometriosis and surgeries." (*Id.*). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (*Id.* at 4, Page ID 47). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work. (*Id.* at 5, Page ID 48). The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (*Id.* at 6-9, Page ID 49-52). The ALJ found that plaintiff was not able to perform any past relevant work. (*Id.* at 9, Page ID 52). Plaintiff was 29 years old as of the date of her alleged onset of disability. Thus, at all times relevant to her claims for DIB and SSI benefits plaintiff was classified as a younger individual. (*Id.*). Plaintiff has a high school education and is able to communicate in English. (*Id.* at 10, Page ID 53). The ALJ found that the transferability of job skills was not material to a disability determination. (*Id.*).

The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were 7,500 jobs in Michigan's Lower Peninsula that the hypothetical person would be capable of performing. (*Id.*; *see* Page ID 94-101). The ALJ found that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (*Id.* at 10-11, Page ID 53-54).

**1.**

Plaintiff states that the ALJ failed to "properly evaluate the medical records and opinions of evidence[.]" (Plf. Brief at 7, Page ID 571). There is no developed argument corresponding to this statement of error. The issue is deemed waived. " 'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.' " *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)); *see United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996); *accord Curler v. Commissioner*, 561 F. App'x 464, 475 (6th Cir. 2014) ("[Plaintiff develops no argument to support a remand, and thus the request is waived.").

**2.**

Plaintiff argues that the ALJ's opinion is not supported by substantial evidence because his hypothetical question did not "accurately describe Ms. Beals in all significant, relevant respects." (Plf. Brief at 9, Page ID 573). She disagrees with the ALJ's factual finding regarding her credibility. (*Id.* at 10-11, Page ID 574-75). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court's "review of

a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.'"). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The Social Security Act states that the finding of the Commissioner as to any fact, if supported by substantial evidence, "shall be conclusive." 42 U.S.C. § 405(g); *see McClanahan*, 474 F.3d at 833. Plaintiff points to portions of her testimony which, if found credible, would have supported her claims for DIB and SSI benefits. (Plf. Brief

at 10-11, Page ID 574-75). However, it is not enough to point out evidence on which the ALJ could have based a decision in plaintiff's favor. "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d at 477. Upon review, the Court finds that the ALJ's factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

A hypothetical question is not required to list the claimant's medical conditions, but is only required to reflect the claimant's limitations. *Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004). The ALJ found that plaintiff's testimony was not fully credible. It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d at 1235; *see also Parks v. Social Security Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011) ("Hypothetical questions [ ] need only incorporate those limitations which the ALJ has accepted as credible."); *Carrelli v. Commissioner*, 390 F. App'x 429, 438 (6th Cir. 2010) ("[I]t is 'well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.' ") (quoting *Casey*, 987 F.2d at 1235). The ALJ's hypothetical question included all the limitations he found to be credible.

## **Conclusion**

      For the reasons set forth herein, the Commissioner's decision will be affirmed.


Dated: September 17, 2015             /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE